1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   VATO TAHGUV,                         )   Case No.: 1:12-cv-01711-AWI-JLT
                                          )
12              Petitioner,               )   FINDINGS AND RECOMMENDATIONS TO
                                          )   GRANT RESPONDENT'S MOTION TO DISMISS
13        v.                              )   PETITION FOR WRIT OF HABEAS CORPUS
                                          )   (Doc. 18)
14   COPENHAVEN, Warden,                  )
                                          )
15              Respondent.               )   ORDER REQUIRING THAT OBJECTIONS BE
                                          )   FILED WITHIN TWENTY DAYS
16   _____ )_

17

18        Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on October 18, 2012, challenging

20   Petitioner's sentence.  (Doc. 1).  On November 7, 2012, the Court ordered Respondent to file a

21   response to the petition.  (Doc. 5).  On March 11, 2013, Respondent filed the instant motion to dismiss

22   the petition for lack of habeas jurisdiction.  (Doc. 18).  On May 6, 2013, Petitioner filed his opposition

23   to the motion to dismiss.  (Doc. 22).

24        The petition alleges that on December 19, 2006, Petitioner was sentenced to fifteen years in

25   prison in the United States District Court for the District of Utah, as a result of his conviction for

26   possession of a firearm and ammunition by a felon, 18 U.S.C. § 922(g)(1).  (Doc. 1, p. 2).

27        Petitioner now brings this habeas petition, challenging his sentence, arguing as follows: (1) his

28   sentence should not have been enhanced by the Armed Career Criminal Act ("ACCA") because

                                          1

1    Petitioner did not leave the institution from which he allegedly "escaped"; and (2) Petitioner's prior

2    state drug conviction is not a "serious drug offense" within the meaning of the ACCA.  (Doc. 1, p. 3).

3            Respondent's motion to dismiss contends that, because Petitioner's claim challenges his

4    sentence, this Court lacks jurisdiction and any sentencing challenge must be brought as a motion

5    pursuant to 28 U.S.C. § 2255.  The Court agrees.

6                                          **DISCUSSION**

7            A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v.

8    Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity

9    or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or

10   correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);

11   Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

12   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court

13   has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal

14   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

15   Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United

16   States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

17           In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's

18   execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

19   Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.

20   1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925

21   F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United

22   States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

23   (9th Cir. 1990).

24           Petitioner's allegations that the sentencing court should not have applied ACCA to Petitioner's

25   case and that, in any event, Petitioner's prior state drug conviction is not a "serious drug offense"

26   within the meaning of the ACCA, are clearly challenges to the sentence itself, not to the execution of

27   the sentence.

28           However, the proper vehicle for challenging such errors is by a motion to vacate, set aside, or

                                                      2

correct the sentence pursuant to 28 U.S.C. § 2255, not by a habeas corpus petition.  Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In his opposition to the motion to dismiss, Petitioner contends that he meets the requirements for the savings clause because he is factually innocent and has not had an unobstructed procedural shot at presenting his claims.  (doc. 22, p. 2).  Specifically, Petitioner contends that several of the decisions upon which he relies for his sentencing challenge were not decided until 2008 and 2009 and that, during that time period, Petitioner was confined to the administrative segregation unit within his prison, thus limiting his access to the prison law library and the assistance of other inmates.  Petitioner contends that for those reasons his § 2255 motion, filed over a year after the one-year deadline had expired, was rejected as untimely.  Thus, Petitioner reasons, he never had an unobstructed shot at raising his claims.  Regarding actual innocence, Petitioner simply makes the conclusory assertion that he is innocent without providing any specific facts or evidence to support such a claim.

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under

3

1  a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but

2  procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-

3  1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following

4  two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been

5  convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this

6  claim." Id. at 1060.

7          "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim,

8  the Court must ask whether petitioner's claim 'did not become available' until after a federal court

9  decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct.

10 254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not

11 arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law

12 changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328

13 F.3d at 1060-1061.

14         In Ivy, the petitioner was convicted in 1993 in a Missouri district court of engaging in a

15 continuing criminal enterprise.  He filed a habeas corpus petition pursuant to § 2241 in the district

16 court in Arizona where he was confined.  He contended he was actually innocent because the

17 indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing

18 criminal enterprise.  Ivy, 328 F.3d at 1058.  After an unsuccessful appeal, in 1995, 1997, and 1999, Ivy

19 filed motions pursuant to § 2255.  Id.  The original motion was denied on its merits, while the second

20 and third motions were denied as second and successive motions.  Id.  In 2000, Ivy filed his federal

21 habeas petition in the Arizona district court.  Id.  The district court dismissed the petition because Ivy

22 had not shown that § 2255 was either inadequate or ineffective.  Id.

23         In affirming the district court's dismissal, the Ninth Circuit employed the two-part test

24 discussed above.  Id. at 1059.  In explaining that standard, the Ninth Circuit stated:

25         In other words, it is not enough that the petitioner is presently barred from raising his claim of
           innocence by motion under 2255.  He must never have had the opportunity to raise it by
26         motion.

27 Id. at 1060 (emphasis supplied).  Applying that standard, the Ninth Circuit rejected Ivy's claims and

28 held that the law regarding continuing criminal enterprises had not changed subsequent to his

1   conviction and that he had an opportunity to raise such a claim in the past.  Id. at 1061.

2          The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield

3   v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  Here, Petitioner has failed to meet this burden.  First,

4   as Petitioner himself acknowledges, he has had at least one unobstructed procedural opportunity to

5   present his claims after the decisions in Chambers v. United States, 555 U.S. 122 (2009) and United

6   States v. Rodriguez, 553 U.S. 377 (2008)--both of which address what constitutes a predicate felony

7   under the ACCA--and he has done so. The savings clause can only be satisfied if Petitioner has been

8   denied the opportunity to present his claims. The fact that the § 2255 motion was denied as untimely

9   does not render this avenue inadequate or ineffective. Aronson v. May, 85 S.Ct. at 5; Moore v. Reno,

10  185 F.3d 1054, 1055 (9th Cir.1999) ("the dismissal of a § 2255 motion pursuant to 28 U.S.C. §

11  2244(b) does not render federal habeas relief an ineffective or inadequate remedy .")

12         Additionally, Petitioner's contention that he could not have filed a timely § 2255 petition

13  because Chambers and Rodriguez had not been decided is unpersuasive.  Chambers was decided on

14  January 13, 2009 and Rodriguez on May 19, 2008.  Petitioner alleges that his one-year period for

15  filing a timely § 2255 petition commenced on May 8, 2008, and would have expired one year later,

16  i.e., on May 7, 2009. Thus, under the worst case scenario, Petitioner would have had almost four

17  months after Chambers was decided and almost a full year after Rodriguez was decided within which

18  to file his § 2255 motion.  Segregated housing considerations, limited access to the prison law library,

19  lack of inmate legal assistance and Petitioner's limited training in the law, while undoubtedly

20  circumstances that make filing a § 2255 motion more difficult, are nevertheless not circumstances that

21  negate the reality that, during the relevant one-year period, Petitioner could have presented his claims

22  in a timely motion.

23         Accordingly, Petitioner has not established that § 2255 is inadequate or ineffective for

24  purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the

25  AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not

26  inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3,

27  5 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

28  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(<i>quoting</i> <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." <u>Bousley</u>, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  <u>See, e.g., id</u>. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has provided little guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  <u>E.g.</u>, <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 903 (5th Cir. 2001); <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605 (7th Cir. 1998); <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997); <u>In re Hanserd</u>, 123 F.3d 922 (6th Cir. 1997); <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  <u>Reyes-Requena</u>, 243 F.3d at 903.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." <u>Davis v. United States</u>, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Here, Petitioner's claim of "actually innocence" is not directed to the federal crime for which he pled guilty, but to the special allegation of being an "armed career criminal" pursuant to 18 U.S.C.

6

§ 924(e). This claim "is not, by itself, a claim of actual innocence." <u>Stephens v. Herrera</u>, 464 F.3d at 899.  Petitioner's legal theory is not based on "newly discovered evidence" demonstrating that he actually innocent.  Nor is it based on a new rule of constitutional law.  In addition, because Petitioner's claim is based on a sentencing enhancement, Petitioner cannot demonstrate the requisite showing that "'it is more likely than not that no reasonable juror would have convicted him.'" <u>Id</u>. at 898. It is not a "crime" to be an "armed career criminal offender;" rather such status serves only to increase a sentence of a defendant who falls within the statutory definition. As a result, Petitioner's arguments fail to satisfy the savings clause and, therefore, the instant petition should be dismissed.

Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); <u>Hernandez</u>, 204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  <u>Hernandez</u>, 204 F.3d at 864-865.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus for lack of jurisdiction (Doc. 18), be **GRANTED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

---

[1]As mentioned, a petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Utah. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

1    may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

2    1991).

3

4    IT IS SO ORDERED.

5        Dated:   __**May 15, 2013**__                        _____**/s/ Jennifer L. Thurston**

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28